```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALENA WEDDLE                      :       CIVIL ACTION
                                  :
          v.                      :
                                  :
TEVA PHARMACEUTICALS USA, INC.,   :
et al.                                    NO. 19-5477
```

MEMORANDUM

Bartle, J.                                            February 3, 2020

The court has before it a narrow but critical question involving time: Was the complaint in this action served on defendants at 1:55 p.m. on November 21, 2019 or was it served at 2:13 p.m. on that date? The answer will determine whether this action will be remanded to the state court.

Plaintiff Alena Weddle has sued the five defendants for damages resulting from the insertion and later removal of an allegedly defective intrauterine device. The action was originally filed in the Court of Common Pleas of Philadelphia County and removed to this court solely based on diversity of citizenship. See 28 U.S.C. § 1441(a). Plaintiff has moved to remand this action on the ground that one of the defendants, Teva Pharmaceuticals USA, Inc., is a citizen of Pennsylvania. See 28 U.S.C. §§ 1441(b)(2) and 1447(c).

Under 28 U.S.C. § 1441(b)(2), an action otherwise removable solely based on diversity jurisdiction "may not be removed if any of the parties in interest properly joined and

<u>served</u> as defendants is a citizen of the state in which such action is brought." (emphasis added)  This forum defendant rule is procedural rather than jurisdictional.  <u>Encompass Ins. Co. v. Stone Mansion Restaurant, Inc.</u>, 902 F.3d 147, 152 (3d Cir. 2019).  As our Court of Appeals explained, ". . . the plain meaning of § 1441(b)(2) precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served."  <u>Id.</u>

>   28 U.S.C. § 1446(d) provides:
>
> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

Under § 1446(d), removal is not effective until the defendants file a copy of the notice of removal with the clerk of the state court.[1]  <u>Brown v. Teva Pharm., Inc.</u>, 2019 WL 5406218, at *2 (E.D. Pa. Oct. 23, 2019).  Thus if removal is

---

1.  We need not decide under the last antecedent canon whether the clause "which shall effect removal" refers only to the last antecedent, that is, "shall file a copy of the notice with the clerk of such State court," and not also to "shall give notice thereof to all adverse parties."  In this case, the service on the adverse parties and the filing of a copy of the notice of removal in the State court both happened before the defendants assert that service of the complaints occurred.  In addition, plaintiff does not raise any issue about the timing of notice to her.  <u>See</u> Antonin Scalia and Bryan A. Garner, <u>Reading Law:  The Interpretation of Legal Texts</u>, 144-46 (2012).

effectuated before service on Teva Pharmaceutical USA, Inc., a Pennsylvania citizen, the plaintiff is not entitled to have the action remanded to the state court. As noted above, the exact time when defendants were served is pivotal in deciding plaintiff's motion to remand.

The following facts are undisputed. The complaint was filed in the Court of Common Pleas of Philadelphia County on November 21, 2019 at 9:49 a.m. The defendants, having learned of the filing, filed their notice of removal in this, the United States District Court, at 1:34 p.m. that same day. They also filed a copy of their notice of removal in the Common Pleas Court at 2:05 p.m., and their counsel emailed plaintiff's counsel to this effect at 2:09 p.m. The agreement of the parties as to the facts ends here.

Plaintiff contends that defendants were served with the complaint at the office of Worldwide ("Worldwide") in Wilmington, Delaware at 1:55 p.m. on November 21.[2] She supports this contention with the contemporaneous affidavit of the process server. If plaintiff is correct, the action must be remanded to the state court as the notice of removal was not filed in that court until 2:05 p.m. Defendants counter that

---

2. No party is arguing that the summons was not also served with the complaint. See Rule 4(c) of the Federal Rules of Civil Procedure.

-3-

they were not served at Worldwide until 2:13 p.m. and support their position with two declarations. If defendants are correct, the action will remain in this court.

Since there are dueling sworn statements, the court held an evidentiary hearing at which the affiant and two declarants testified and the court had an opportunity to observe them and determine credibility. The burden of proof rests on the defendants as they are the parties asserting the existence of this court's subject matter jurisdiction. <u>Samuel Bassett v. KIA Motors Am. Inc.</u>, 357 F.3d 392, 396 (3d. Cir. 2004).

The defendants first called Curtis Sweltz, an employee of Worldwide, as a witness. Sweltz has extensive experience in filing documents and received specific training in accepting service of process, including the importance of recording the time accurately. He testified he had received a call in late morning on November 21 from the attorney for the defendants to expect the service of the complaint in this, the <u>Weddle</u> case. According to Sweltz, Kevin Dunn, the process server, entered the office and left with Sweltz a copy of the complaint for each defendant at 2:13 p.m. on November 21, 2019. Dunn was a regular in serving papers there and was known to Sweltz. Sweltz stated he entered the date and time on a cover sheet and printed his name although he did not add the caption of the action. It was his custom to check the time on his computer or cellphone before

recording it on the cover sheet. At 2:16 p.m. after receipt of the complaints, Sweltz called the defendants' attorney and advised him that service had been made at 2:13 p.m.

Sweltz then attached the cover sheet to the copies of the complaints naming the defendants and sent them by Federal Express to Corporate Creations Network, Inc. ("Corporate Creations") in Florida which acts as the defendants' statutory agent and for which Worldwide is a management agent to accept service on behalf of Corporate Creations' clients. The cover sheet was made part of the record here.

On November 21, 2019, Worldwide did not maintain a chronological log which listed the papers served at their office or other relevant information such as date and time of service. The only written contemporaneous document was the cover sheet which was prepared by Sweltz and sent to Florida and which, as noted, stated that service was made on November 21, 2019 at 2:13 p.m.

Gabrini also testified on behalf of the defendants. Her desk is next to that of Sweltz, and she was present when Dunn served the complaints on November 21. She stated that defendants' counsel had called the office at 2:10 p.m. on November 21 to ask if the Weddle complaints had been served and responded that they had not.

According to Gabrini, the process server, Kevin Dunn, recently visited the office of Worldwide  He asked if the building had a video camera with a timer so that he could check the time of his entrance on November 21.  Gabrini said that it did not have such a camera.  She also testified that Dunn was interested in knowing because he had not recorded the time of his visit on that date.

The final witness, who was called by the plaintiff, was Kevin Dunn.  He has been a process server for fifteen years and works for Brandywine Process Servicers, a company with four employees, which is headed by his father.  Approximately 99% of its business is serving process.  For an extra charge, it provides "rush service," meaning service generally within an hour.  Dunn has been serving process on Worldwide for over ten years and appears there multiple times a week.  The office of the plaintiff's counsel is one of the clients of Brandywine Process Servicers and has used its "rush service," including in this case.

Dunn testified that he made service here at 1:55 p.m. on November 21, 2019, as stated in his affidavit of that date. His affidavit was entered as an exhibit.  On cross-examination, he related that he generally calls into his office to his father the dates and times he makes service of process.  His father enters the information onto the computer and prepares the

affidavits for Dunn to review.  Dunn then signs the completed affidavits when he returns to the office.  In addition, he testified that he keeps in his car his own log related to service of process but did not bring it to court.

Dunn explained that the times of service of process he calls in to his father do not reflect the exact times he serves the papers.  He obtains the time from his cellphone or the clock in his car after making service.  He also conceded that affidavits memorializing service of complaints have contained mistakes.

The defense counsel also showed him thirty-four affidavits of service he and several other process servers at Brandywine Process Servers signed in connection with cases against one or more of the defendants here which involved an allegedly defective intrauterine device.  In each instance, the time of service recorded on the affidavit ended in either a zero or a five.  Dunn responded that it was his custom to round the time up, so as to record the time as ending in a zero or a five even if the actual service was made earlier.

Dunn was also confronted with his affidavit in the Miller action, another case against the defendants involving an intrauterine device.  Service was made at Worldwide on November 26, 2019, five days after service in Weddle.  By this time, Worldwide had begun to keep a service process log as a

result of the dispute that has arisen here.  Dunn himself had written in the log that service of the <u>Miller</u> complaint had been made at 12:50 p.m.  However, each of his affidavits of service, which he signed on November 26, 2019, stated that the time of service was 12:40 p.m.  Dunn, on being shown the affidavits, conceded they contained errors.

Finally, he said he had no recollection if he had told Gabrini on a recent visit to Wordwide that he had not recalled recording the time of his service of the <u>Weddle</u> complaint on November 21, 2019.

The court finds that defendant has established by a preponderance of the evidence that service of the complaints in this case were made at 2:13 p.m. on November 21, 2019 at Worldwide in Wilmington, Delaware.  Curtis Sweltz was credible and the date and time he recorded on the cover sheet in this case were accurate.

The court finds that it was not the practice of Kevin Dunn to record the precise times of service but merely to engage in approximations.  Furthermore, he has a history of being careless in reviewing affidavits for accuracy.  The time of 1:55 p.m. recorded in his November 21, 2019 affidavit of service of the complaints in this case was a mistake.

Service of the complaints in this case occurred <u>after</u> the defendants had filed a copy of the notice of removal in the

state court.  Thus removal became effective before Teva Pharmaceuticals USA, Inc., an in-state defendant, was properly served.  Accordingly, the motion of plaintiff to remand this action to the Court of Common Pleas of Philadelphia County will be denied.